UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

SK1 JOHN EDWARD RYAN                                                                      PLAINTIFF

v.                                                                   CIVIL ACTION NO. 3:07-CV-301-S

PROFESSOR RONALD VOGEL et al.                                                          DEFENDANTS

**MEMORANDUM AND ORDER**

  Plaintiff, SK1 John Edward Ryan, proceeding *pro se*, initiated this action against Defendants Professor Ronald Vogel and Professor Shirley Willinganz.  On September 22, 2008, Defendants[1] filed an answer to the complaint.  On September 24, 2008, Plaintiff filed a motion to dismiss the complaint on advice of counsel.  That motion seeks to have the complaint dismissed without prejudice to Plaintiff's right to file another complaint with counsel.  Defendants have not filed a response to that motion.

  Under Rule 41(a) of the Federal Rules of Civil Procedure, a plaintiff may dismiss his lawsuit without prejudice and without a court order by filing a notice of dismissal before the opposing party serves an answer or a motion for summary judgment.  Otherwise, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."  Fed. R. Civ. P. 41(a)(2).  Because Defendants have filed an answer, an order of this Court is necessary to dismiss the action.

  The Sixth Circuit has identified four factors to be considered in determining whether a defendant will suffer plain legal prejudice if a plaintiff's complaint is dismissed without

---

[1] That answer states that neither of the named Defendants are properly named parties and that counsel will assume that Plaintiff intended to name the University of Louisville as Defendant.  The answer also states that, for purposes of the answer, the University of Louisville assumes the role of named Defendant.

prejudice under Rule 41(a)(2):  (1) the amount of time, effort, and expense the defendant has incurred in trial preparation; (2) any excessive delay or lack of diligence on the plaintiff's part in prosecuting the action; (3) insufficient explanation of the need to take a voluntarily dismissal without prejudice; and (4) whether the defendant has filed a motion for summary judgment under FED. R. CIV. P. 56.  *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994).

Whether dismissal should be granted under Rule 41(a)(2) is within the sound discretion of the district court.  *Id.*; *Banque de Depots v. Nat'l Bank of Detroit*, 491 F.2d 753, 757 (6th Cir. 1974).  "Ordinarily voluntary dismissal without prejudice should be granted unless the defendant shows that a dismissal will result in plain legal prejudice."  *Rouse v. Caruso*, No. CIV-06-10961, 2007 WL 909600, at *3 (E.D. Mich. Mar. 23, 2007).  "The mere prospect of a second lawsuit does not constitute prejudice."  *Id.* (citing *Cone v. West Virginia Pulp & Paper Co.*, 330 U.S. 212, 217 (1947), and *Grover*, 33 F.3d at 718).  The fact that the plaintiff also may gain some tactical advantage as the result of a voluntary dismissal without prejudice does not constitute prejudice.  *Id.* (citing *Quad/Graphics v. Fass*, 724 F.2d 1230, 1233 (7th Cir. 1983)).

Here, the Court finds that dismissal without prejudice is appropriate.  Defendants have not filed a motion for summary judgment.  While Defendants have filed an answer, it does not contain a counterclaim.  No discovery has taken place.  Plaintiff filed his motion to dismiss only two days after Defendants filed their answer.  Defendants have not opposed Plaintiff's requested dismissal without prejudice.  As stated above, the "mere prospect" of another lawsuit does not

constitute prejudice.  *See Grover*, 33 F.3d at 718.  Consequently,

      **IT IS ORDERED** that Plaintiff's motion to dismiss the complaint (DN 10) is **GRANTED**.  This lawsuit will be dismissed by separate Order.

Date:


cc:    Plaintiff, *pro se*
        Counsel of record
4411.009